FILED
IN OPEN COURT

OCT 2 2 2025

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
|  | ) |  |
| v. | ) | CRIMINAL NO. 2:25cr 127 |
|  | ) |  |
| DWAYNE CARTER, JR., | ) | 18 U.S.C. § 371 |
|  | ) | Conspiracy |
| *Defendant.* | ) | (Count 1) |
|  | ) |  |
|  | ) | 18 U.S.C. §§ 1709 and 2 |
|  | ) | Theft of Mail Matter |
|  | ) | (Counts 2-3) |
|  | ) |  |
|  | ) | 18 U.S.C. § 500 and 2 |
|  | ) | Forged Money Orders |
|  | ) | (Counts 4-5) |
|  | ) |  |
|  | ) | Criminal Forfeiture |
|  | ) |  |

INDICTMENT

October 2025 TERM - At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

COUNT ONE

From in or about June 2023, and continuing through in or about February 2024, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, defendant DWAYNE CARTER, JR., Kiesha L. Brown, and others known and unknown to the Grand Jury, knowingly and unlawfully combined, conspired, confederated and agreed together and with each other to commit the following offense, that is:

(1)     to steal, take, and abstract, and by fraud and deception, obtain, and attempt so to obtain, from a mail, post office, and station thereof, letterbox, mail receptacle, and a mail route, and other authorized depository for mail matter, a letter, postal card,

1

package, bag and mail, and abstract and remove from such letter, package, bag, and mail, an article and thing contained therein, in violation of Title 18, United States Code, Section 1708.

<u>WAYS, MANNER, AND MEANS</u>

The ways, manner, and means by which the conspiracy was carried out included, but were not limited to, the following:

1.    The purpose of the conspiracy was to knowingly and willfully steal mail from the United States Postal Service ("USPS") for the purpose of stealing postal customers' checks and money orders that could later be forged in the names of co-conspirators for deposit and cashing.

2.    It was a part of the conspiracy that Kiesha L. Brown ("Brown") was employed as a City Carrier Assistant at the LC Page Post Office in Norfolk, Virginia in the Eastern District of Virginia.

3.    It was further part of the conspiracy that at the onset of the conspiracy, DWAYNE CARTER, JR., approached Brown because of her position as a USPS employee and offered to pay her approximately $200 in cash in exchange for her to steal mail and provide it to him.

4.    It was further part of the conspiracy that every few weeks, CARTER would meet with Brown and she would provide him stolen mail in exchange for approximately $200 in cash.

5.    It was further part of the conspiracy that CARTER and other co-conspirators would open the mail and remove checks and money orders contained therein.    CARTER and other co-conspirators would take these checks and money orders, "wash" them, that is alter the payment information so that they could then cash or deposit the checks and money orders and steal money from the accounts of USPS customers.

6.    It was further part of the conspiracy that CARTER, upon learning that Brown was

no longer employed by the USPS, solicited another co-conspirator, who was an employee of USPS, to steal mail on his behalf.

7.     It was further part of the conspiracy that CARTER, Brown, and other co-conspirators both known and unknown to the Grand Jury, stole the mail of over 50 USPS customers and CARTER and other co-conspirators both known and unknown to the Grand Jury, washed, deposited, and attempted to cash checks totaling at least approximately $245,586. Because some banks stopped the transactions before money was transferred, CARTER succeeded in obtaining at least approximately $158,669 in ill-gotten proceeds.

OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to accomplish its objects, the co-conspirators and others known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in the Eastern District of Virginia and elsewhere:

8.     In or about June 2023, the exact date being unknown, Brown stole a piece of mail that was placed inside a Post Office in Norfolk, Virginia, that contained a check in the amount of approximately $146 from victim M.W. and provided it to CARTER.

9.     In or about June 2023, the exact date being unknown, CARTER, and other co-conspirators both known and unknown to the Grand Jury, fraudulently forged and altered M.W.'s check to be payable in the amount of approximately $4,890.

10.     In or about June 2023, the exact date being unknown, CARTER, and other co-conspirators both known and unknown to the Grand Jury, cashed and deposited the check and fraudulently obtained approximately $4,890 from victim M.W.

11.     In or about November 2023, the exact date being unknown, Brown stole a piece of mail that was placed inside a Post Office in Norfolk, Virginia, and contained a check in the

3

amount of $138 from victim C.G. and provided it to CARTER.

12. In or about November 2023, the exact date being unknown, CARTER, and other co-conspirators both known and unknown to the Grand Jury, fraudulently forged and altered C.G.'s check to be payable in the amount of approximately $8,225.

13. In or about November 2023, the exact date being unknown, CARTER, and other co-conspirators both known and unknown to the Grand Jury, cashed and deposited the check and fraudulently obtained approximately $8,225 from victim C.G.

14. On or about August 2, 2024, the exact date being unknown, an unindicted co-conspirator stole a piece of mail that was placed inside a Post Office in Norfolk, Virginia and contained a money order from victim F.B. in the amount of approximately $807 and provided it to CARTER.

15. On or about August 2, 2024, the exact date being unknown, CARTER, and other co-conspirators both known and unknown to the Grand Jury, fraudulently forged and altered F.B.'s money order to be made payable to CARTER.

16. On or about August 6, 2024, the exact date being unknown, CARTER, and other co-conspirators both known and unknown to the Grand Jury, cashed the money order and fraudulently obtained approximately $807 from F.B.'s money order.

17. On or about August 2, 2024, the exact date being unknown, an unindicted co-coconspirator stole a piece of mail that was placed inside a Post Office in Norfolk, Virginia, and contained a money order from victim F.B. in the amount of approximately $67 and provided it to CARTER.

18. On or about August 2, 2024, the exact date being unknown, CARTER, and other co-conspirators both known and unknown to the Grand Jury, fraudulently forged and altered

4

F.B.'s money order to be made payable to CARTER.

19.    On or about August 6, 2024, the exact date being unknown, CARTER, and other co-conspirators both known and unknown to the Grand Jury, cashed the money order and fraudulently obtained approximately $67 from F.B.'s money order.

(In violation of Title 18, United States Code, Section 371.)

## COUNT TWO

In or about June 2023, the exact date being unknown, in the Eastern District of Virginia, the defendant, DWAYNE CARTER, JR., aided and abetted by Kiesha L. Brown, did steal, take, and abstract, and by fraud and deception, obtain, and attempt so to obtain, from a mail, post office, and station thereof, letterbox, mail receptacle, and a mail route, and other authorized depository for mail matter, a letter, postal card, package, bag and mail, and abstract and remove from such letter, package, bag, and mail, an article and thing contained therein, that is, CARTER paid Brown to steal pieces of mail from the Postal Service and, specifically, CARTER and Brown stole a piece of mail that contained a check that was mailed through a Post Office in Norfolk, Virginia, by victim M.W.

(In violation of Title 18, United States Code, Sections 1708 and 2.)

## COUNT THREE

In or about November 2023, the exact date being unknown, in the Eastern District of Virginia, the defendant, DWAYNE CARTER, JR., aided and abetted by Kiesha L. Brown, did steal, take, and abstract, and by fraud and deception, obtain, and attempt so to obtain, from a mail, post office, and station thereof, letterbox, mail receptacle, and a mail route, and other authorized depository for mail matter, a letter, postal card, package, bag and mail, and abstract and remove from such letter, package, bag, and mail, an article and thing contained therein, that is, CARTER

5

paid Brown to steal pieces of mail from the Postal Service and, specifically, CARTER and Brown stole a piece of mail that contained a check that was mailed through a Post Office in Norfolk, Virginia, by victim C.G.

(In violation of Title 18, United States Code, Sections 1708 and 2.)

## COUNT FOUR

On or about August 2, 2024, in the Eastern District of Virginia, the defendant, DWAYNE CARTER, JR., with intent to defraud, did falsely alter in a material respect a money order provided and issued by and under the direction of the United States Postal Service and payable in the United States, that is CARTER falsely altered the name opposite the words "Pay to" to read "DWAYNE CARTER" on the face of said money order, issued by the U.S. Postal Service in the amount of approximately $807, and aided and abetted the same.

(In violation of Title 18, United States Code, Sections 500 and 2.)

## COUNT FIVE

On or about August 2, 2024, in the Eastern District of Virginia, the defendant, DWAYNE CARTER, JR., with intent to defraud, did falsely alter, in a material respect, a money order provided and issued by and under the direction of the United States Postal Service and payable in the United States, that is CARTER falsely altered the name opposite the words "Pay to" to read "DWAYNE CARTER" on the face of said money order, issued by the United States Postal Service in the amount of approximately $67, and aided and abetted the same.

(In violation of Title 18, United States Code, Sections 500 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.      The defendant, if convicted of the violation alleged in Count One of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2.      The defendant, if convicted of either of the violations alleged in Counts Four and Five of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

   a.   Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and

   b.   All counterfeits of coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in violation, or any material or apparatus used or fitted or intended to be used, in making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of the Treasury or other proper officer.

3.      If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Sections 492, 981(a)(1)(C), and Title 28, United States Code, Section 2461(c)).

7

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

United States v. Dwayne Carter, Jr.,
Criminal No. 2:25cr 127

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

LINDSEY HALLIGAN
UNITED STATES ATTORNEY

By:    _____
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
E-Mail Address: Joseph.Kosky@usdoj.gov